**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTINA GUADALUPE MARTINEZ DE ESTRADA,<br><br>       Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>       Respondent. | No. 12-72075<br><br>Agency No. A094-195-429<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Cristina Guadalupe Martinez de Estrada, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and protection under the

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Martinez de Estrada's asylum, due process, and equal protection claims because she did not raise them to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Martinez de Estrada did not establish past persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (record did not compel finding of past persecution); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (insufficient evidence to establish claim).  Substantial evidence also supports the agency's findings that Martinez de Estrada did not establish that the government of El Salvador would harm her on account of a protected ground, including her political opinion, and that her fear of harm relates to general country conditions.  *See Nagoulko*, 333 F.3d at 1018 (possibility of persecution was "too speculative"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Martinez de Estrada's contention that the IJ erred in

interpreting the country report is unexhausted. *See Barron*, 358 F.3d at 678. Thus, her withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Martinez de Estrada failed to establish it is more likely than not she would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**